**TOM BALLARD COMPANY (Tebco, Inc.), Appellant,**

v.

**Shoppel BLEVINS, Frances Jones Mills, Treasurer of the State of Kentucky and Custodian of the Uninsured Employers Fund, Lonnie Blanton, deceased, Betty Blanton, Individually and Administratrix of the Estate of Lonnie Blanton, Christopher Lee Blanton, M. H. Blevins, Administratrix of the Estate of Shoppel Blevins, and Kentucky Workmen's Compensation Board, Appellees.**

Court of Appeals of Kentucky.

May 9, 1980.

---

John V. Porter, Paintsville, for appellant.

Grover D. Adkins, Louisa, Steven L. Beshear, Atty. Gen., Donald F. Roney, Asst. Atty. Gen., Frankfort, David LeMaster, Paintsville, for appellees.

Before HOWERTON, REYNOLDS and VANCE, JJ.

VANCE, Judge.

Appellant is a coal mining company. It sold coal to Kentucky Power Company and Addington Brothers, delivered to the facilities of the purchaser. The hauling of the coal was arranged through the services of one Roy Yates who, for a fee paid by appellant, procured truckers to haul the coal. Shoppel Blevins owned several trucks and Lonnie Blanton operated one of them. He was paid by the load or a percentage of gross. Blanton was killed in a truck accident while operating one of Blevins' trucks in which he had hauled coal from appellant's mine, and at the time of the accident he was returning from a delivery. The appellant paid all of the hauling costs, including the fee charged by Yates, directly to Yates and Yates paid the truckers.

Shoppel Blevins did not have workmen's compensation insurance which covered the deceased Lonnie Blanton and the question is whether the Tom Ballard Company is liable for the payment of the compensation award as a contractor under the provisions of KRS 342.610(2). It provides as follows:

A contractor who subcontracts all or any part of a contract and his carrier shall be liable for the payment of compensation to the employes of the subcontractor unless the subcontractor primarily liable for the payment of such compensation has secured the payment of compensation as provided for in this chapter. Any contractor or his carrier who shall become liable for such compensation may recover the amount of such compensation paid and necessary expenses from the subcontractor primarily liable therefor. A person who contracts with another (a) to have work performed consisting of the removal, excavation or drilling of soil, rock or mineral, or the cutting or removal of timber from land, or (b) to have work

performed of a kind which is a regular or recurrent part of the work of the trade, business, occupation or profession of such person, shall for the purposes of this section be deemed a contractor, and such other person a subcontractor. This subsection shall not apply to the owner or lessee of land principally used for agriculture.

The Workmen's Compensation Board placed the liability upon the Tom Ballard Company and the circuit court upheld the award. We affirm.

KRS 342.610(2) was enacted to discourage owners and contractors from hiring financially irresponsible subcontractors and thus eliminate workmen's compensation liability. *Elkhorn-Hazard Coal Land Corp. v. Taylor*, Ky., 539 S.W.2d 101 (1976). It accomplishes this purpose by imposing liability upon a contractor for compensation to the employees of a subcontractor unless the subcontractor has provided for the payment. In addition the statute provides that certain persons who would not otherwise be contractors shall be "deemed" to be contractors for the purpose of the act. These "deemed" contractors include a person who contracts with another (a) to have work performed consisting of the removal of minerals and (b) to have work performed of a kind which is a regular or recurrent part of the business of such person.

There is strong evidence to support the conclusions that appellant contracted with Yates to have work done which was a regular part of its business. Appellant maintains that its business was mining coal and that the hauling of coal was not a regular or recurrent part of its business. Nevertheless appellant paid all of the cost of hauling the coal. Appellant sold the coal at a price that included delivery to the facilities of the purchaser and the hauling or delivery to the customer was appellant's responsibility. There was testimony that the mining business would become extinct if the mining companies could not get their product to market. We do not think it was unreasonable for the Board to conclude that the hauling of coal to the customer was a part of appellant's business.

The award was based upon the status of Lonnie Blanton as an employee. His classification as an employee is not clearly erroneous and in fact is scarcely questioned on appeal. He was not an employee of appellant, or course, but appellant is responsible for compensation awards under KRS 342.610(2) in certain instances to persons who are not actually its employees. The liability springs from the fact that appellant is "deemed" to be a contractor and is responsible in a case of this nature to the employees of a subcontractor.

We can easily see that the statute may cause some problems in insurance underwriting, but these are problems which must be addressed to the legislature rather than the courts.

The judgment is affirmed.

All concur.