**Elmer BORMAN, Administrator of the Estate of John David Borman, Appellant,**

v.

**INTERLAKE, INC. and Unknown Manufacturer of Coal Steel Banding Equipment or Packaging Material used in the Coil Steel Involved in the Accident, and Unknown Defendants, Appellees.**

Court of Appeals of Kentucky.

July 24, 1981.

Rehearing Denied Oct. 2, 1981.

Discretionary Review Denied Dec. 8, 1981.

John J. O'Hara, David B. Sloan, Gary J. Sergent, O'Hara, Ruberg, Osborne & Taylor, Covington, for appellant.

W. T. Adkins, Boehl, Stopher, Graves & Deindoerfer, Lexington, for appellees.

Before HAYES, C. J., and HOWERTON and LESTER, JJ.

HAYES, Chief Judge.

Elmer Borman, administrator of the estate of John David Borman, appeals a summary judgment of the Campbell Circuit Court which found that the Kentucky Workers' Compensation Act exclusivity of remedy provisions barred a products liability claim against Interlake, Inc.

The decedent was employed by Interlake who is engaged in the manufacture of steel products. On December 19, 1977, the date of decedent's death, he was writing on the outside wrap of a coil of steel. The outer band on the coil was manufactured by Interlake at another plant. The band is fastened by a hand operated crimping tool. As the decedent wrote on the wrapper, the band came loose allowing the steel to uncoil, causing the decedent's fatal injury.

Borman filed a complaint alleging Interlake's intentional injury to the decedent. Later Borman amended the complaint to state a products liability claim against Interlake as a manufacturer rather than employer. From the summary judgment for Interlake, Borman prosecutes this appeal.

Borman argues on appeal that the complaint alleging dual capacity of an employer states a cause of action under Kentucky Law. Accordingly, Borman maintains that the trial court erred in granting summary judgment on the ground that the products

liability claim was barred by the exclusivity provisions of the Kentucky Workers' Compensation Act.

■ A summary judgment is properly entered where there exists no genuine issue as to a material fact and the movant is entitled to judgment as a matter of law. Borman argues that the dual capacity doctrine should allow him to proceed with his claim. As stated in 2A, Larson, *Law of Workmen's Compensation*, § 72.80 (1976) at 14–112:

> Under this doctrine, an employer normally shielded from tort liability by the exclusive remedy principle may become liable in tort to his own employee if he occupies, in addition to his capacity as employer, a second capacity that confers on him obligations independent of those imposed on him as employer.

Borman would have us make this concept a part of Kentucky law. In support of his position Borman cites us to *Bright v. Reynolds Metals Company*, Ky., 490 S.W.2d 474 (1973). In that case, however, Reynolds did not occupy a dual capacity, but was held to be amenable to suit at common law as the owner of the premises upon which the injury occurred. This case clearly lends no support to Borman's argument.

The decisions of the United States Sixth Circuit Court of Appeals cited by Borman do not lead us to conclude that the dual capacity doctrine should be a part of Kentucky law. *Bryant v. Old Republic Insurance Co.*, 431 F.2d 1385 (6th Cir. 1970), dealt with the separate liability of a workers compensation insurer, in addition to that of the employer. *Boggs v. Blue Diamond Coal Company*, 590 F.2d 655 (6th Cir. 1979) involved the separate common law liability of a parent corporation, as opposed to the liability of the subsidiary corporation-employer under the workers' compensation law. These cases were dealing with two separate entities. Borman maintains that, since a different division of Interlake manufactured the band, there were two distinct entities. The present case does not involve a subsidiary or separate entity such as an insurer. Therefore under the cited cases, there is no compelling authority to make the dual capacity doctrine a part of Kentucky law.

The provisions of the Kentucky Workers' Compensation Act prohibit the application of the dual capacity doctrine. KRS 342.690 states that "... the liability of such employer ... shall be exclusive and in place of all other liability of such employer to the employe, ...." KRS 342.700 concerning third party liability, uses the language liability "in some person other than the employer." We believe this language evinces an intent to maintain the exclusivity of remedy principle intact.

Even if at some future date the courts of this Commonwealth would seek to adopt the dual capacity doctrine, we believe that the undisputed facts of the present situation could not bring it within the doctrine. As stated in Larson, there must be new duties and obligations on the part of the employer to give rise to another distinct legal *persona* who may be separately liable. In the present case, Borman has not raised any additional duty which Interlake owed the decedent distinguishable from its duty to provide him with safe working conditions, equipment and materials. The use of the banding material was an integral part of the decedent's employment.

■ In passing, we note that Borman also contends the summary judgment was improper because the complaint alleged that the decedent's death was the result of an intentional act by Interlake. There is no demonstration that an issue of material fact exists with respect to this claim, however. Borman also offers no argument in support of this proposition. In any event, KRS 342.610(4) would prohibit such a claim because workers' compensation benefits had already been accepted.

The trial court correctly entered the summary judgment which is hereby affirmed.

All concur.