798 F.2d 1414
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Shirley HALL, Administratix of the estate of Donald Hall,
deceased, Plaintiff-Appellant,
v.
BRISTOL STEEL AND IRON WORKS, INC., Defendant-Appellee.
 No. 85-5840.
 United States Court of Appeals, Sixth Circuit.
 July 24, 1986.
 
 Before LIVELY, Chief Judge, MILBURN, Circuit Judge, and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The plaintiff appeals from an order of the district court granting summary judgment in favor of the defendant and dismissing the complaint. In interlocutory proceedings this court denied the plaintiff-appellant's motion to certify two questions to the Supreme Court of Kentucky. In denying that motion a panel of the court found that the questions sought to be certified had previously been addressed by the appellate courts of Kentucky and that certification was not required.
 
 
 2
 The complaint sought damages from the decedent's employer on the ground that the defendant knew of dangerous conditions under which its employees were expected to work, failed to provide safety devices and to follow safety rules and procedures and that "the course of conduct exhibited by said defendant amounted to a deliberate intent to injure or kill as its actions and failures to act created situations significantly increasing the risk to which its employees, including the plaintiff's decedent, were exposed and which said defendant knew or should have known would result in injuries or death." It was admitted that the plaintiff applied for and accepted periodic payments under the Kentucky Workers' Compensation Act for the death of her husband.
 
 
 3
 The district court held that, having applied for and accepted such benefits, the plaintiff had made an election under the Workers' Compensation Act and that any further action against the decedent's employer was foreclosed. The district court also held that even if plaintiff had a cause of action against the employer despite having accepted workers' compensation benefits, the language of the complaint, while charging gross negligence and wanton action, did not charge that the employer intentionally caused the death of the employee.
 
 
 4
 In common with workers' compensation laws of other states, Kentucky's Act provides an exclusive remedy for work-related injury or death of a covered employee. The exception on which the plaintiff relies in this case is found in KRS 342.610(4), which provides in part:
 
 
 5
 If injury or death results to an employe through the deliberate intention of his employer to produce such injury or death, the employe or his dependents may take under this chapter, or in lieu thereof, have a cause of action at law against the employer as if this chapter had not been passed, for such damage so sustained by the employe, his dependents or personal representatives as is recoverable at law. If a suit is brought under this subsection, all right to compensation under this chapter shall thereby be waived as to all persons. If a claim is made for the payment of compensation or any other benefit provided by this chapter all rights to sue the employer for damages on account of such injury or death shall be waived as to all persons.
 
 
 6
 Upon consideration of the briefs and oral arguments of counsel together with the record on appeal this court concludes that the district court properly dismissed the complaint. The language contained in KRS 342.610(4), "or in lieu thereof," clearly requires the claimant to make an election either to accept benefits under the Workers' Compensation Act or to proceed in an action at law. This reading of the statute is buttressed by the last sentence, which makes it clear that a claimant waives the right to sue at law by claiming under the Act. Several decisions from the appellate courts of Kentucky support this reading of the statute, in particular Borman v. Interlake, Inc., 623 S.W.2d 912 (Ky.App.1981). In Borman the plaintiff made precisely the same argument that the plaintiff makes in this case, The Kentucky Court of Appeals disposed of that argument as follows: "In any event, KRS 342.610(4) would prohibit such a claim because workers' compensation benefits had already been accepted." Id. at 913.
 
 
 7
 The judgment of the district court is affirmed.