Michael R. MATTHEWS, Appellant,

v.

G & B TRUCKING, INC.; Grover F. Baker, Individually; and Wausau Underwriters Insurance Company, Appellees.

No. 1997–CA–000845–MR

Court of Appeals of Kentucky.

Nov. 25, 1998.

Rehearing Denied Jan. 19, 1999.

Eric Bearden, Mike Breen, Bowling Green, for Appellant.

David Deep, Deep & Womack, Henderson, for Appellees G & B Trucking, Inc.

Frank F. Chuppe, Jean W. Bird, Wyatt, Tarrant & Combs, Louisville, for Appellee Wausau Underwriters Insurance Co.

Before GUIDUGLI, JOHNSON, and KNOPF, Judges.

*OPINION*

KNOPF, Judge:

This is an appeal from a summary judgment dismissing an action against an employer as barred by the exclusive liability provision of the Workers' Compensation Act. This Court finds that an employer who fails to secure payment of workers' compensation benefits is not entitled to benefit from the exclusive liability provision, even if an "up-the-ladder" contractor is liable for payment of benefits. Therefore, the trial court's dismissal of the claim is vacated, and the action is remanded for further proceedings on the merits.

The appellant, Michael Matthews, was employed by the appellee, G & B Trucking, Inc., as a coal truck driver. G & B Trucking contracted with Pyramid Mining, Inc. to haul coal from Goshen Mines to Pyramid Mines. On June 13, 1994, Matthews was injured while hauling coal for G & B Trucking. At the time of the injury, G & B Trucking did not have workers' compensation coverage for its employees.

Subsequently, Matthews brought a civil action against G & B Trucking, and its owner, Grover F. Baker. Matthews also asserted claims against Northland Insurance Company, the vehicle's insurer, and Graward General, his own motor vehicle insurance carrier. G & B Trucking filed a third-party complaint against Northland, Wausau Insurance Company, and the Raymond H. Nelson Insurance Agency, seeking a declaration of rights that G & B Trucking had workers' compensation coverage, or in the alternative that the agency was negligent for failing to secure the insurance.

Matthews also filed a workers' compensation claim against Pyramid Mining, which was ultimately settled. While the workers' compensation claim was pending, the trial court held the tort action in abeyance. After the trial court removed the case from abeyance, Baker and G & B Trucking filed a motion for summary judgment. The trial court granted the motion and dismissed the action, finding that Matthew's claim was barred by the exclusive remedy provision of the Workers' Compensation Act. KRS 342.690(1). Matthews now appeals the dismissal of his claim against G & B Trucking.

■ Matthews argues that KRS 342.690(2) permits him to bring a tort action against G & B Trucking. KRS 342.690(2) provides:

If an employer fails to secure payment of compensation as required by this chapter, an injured employee, or his legal representative in case death results from the injury, may claim compensation under this chapter and in addition may maintain an action at law or in admiralty for damages on account of such injury or death, provided that the amount of compensation shall be credited against the amount received in such action, and provided that, if the amount of compensation is larger than the amount of damages received, the amount of damages less the employee's legal fees and expenses shall be credited against the amount of compensation. In such action the defendant may not plead as a defense that the injury was caused by the negligence of a fellow servant, that the employee assumed the risks of the employment, or that the injury was due to the contributory negligence of the employee.

Matthews asserts that the clear language of KRS 342.690(2) allowed him to bring an action against G & B Trucking. This Court agrees. With the exception of failing to secure the payment of benefits as provided in KRS 342.690(2) or a willful and unprovoked physical aggression, the exclusive liability provisions of the act cannot be waived. *Zurich Ins. Co. v. Mitchell*, Ky., 712 S.W.2d 340, 342 (1986). Since G & B Trucking failed to secure payment of workers' compensation benefits for its employees, the provisions of KRS 342.690(2) apply.

The trial court relied upon *Borman v. Interlake, Inc.*, Ky.App., 623 S.W.2d 912 (1981), in reaching its conclusion that Matthews's action against G & B Trucking was barred. The facts and issues presented in *Borman* were considerably different from those in the present case. In *Borman*, this Court held that the exclusive remedy provision barred a workers' product liability claim against his employer. This Court declined to adopt the dual capacity doctrine to allow an injured employee to bring a product liability

action against his employer, even when the action was being brought against the employer in its capacity as manufacturer of a defective product rather than as his employer. The present case does not call for application of the dual capacity doctrine.

Rather, G & B Trucking argues that it is entitled to benefit from the exclusive liability provision of KRS 342.690(1) because Pyramid Mining was subject to payment of workers' compensation benefits to Matthews. KRS 342.690(1) provides that if an employer secures payment of workers' compensation benefits, the liability for workers' compensation benefits shall be exclusive of all other legal liability to the injured employee. The term "employer" is defined to include a "contractor" covered by KRS 342.610(2), whether or not the subcontractor has in fact, secured the payment of compensation.

KRS 342.610(2) requires a contractor who subcontracts all or any part of a contract to be liable for the payment of compensation to the employees of the subcontractor unless the subcontractor primarily liable for payment of such compensation has secured the payment. The purpose of KRS 342.610(2) is to discourage owners and contractors from hiring fiscally irresponsible subcontractors and thus eliminate workers' compensation liability. It accomplishes this purpose by imposing liability upon the "up-the-ladder" contractor for compensation to the employees of a subcontractor unless the subcontractor has provided for the payment. *Tom Ballard Co. v. Blevins*, Ky.App., 614 S.W.2d 247, 249 (1980).

Since G & B Trucking failed to secure payment of workers' compensation benefits, its general contractor, Pyramid Mining, became the employer primarily liable for payment of workers' compensation benefits pursuant to KRS 342.610(2). *Fireman's Fund Ins. v. Sherman & Fletcher*, Ky., 705 S.W.2d 459, 462 (1986). Thus Pyramid Mining is immune from tort liability under KRS

342.690(1).[1] However, we do not agree that Pyramid Mining's statutory immunity as a result of paying workers' compensation benefits to Matthews should extend to G & B Trucking. To have protection of the Workers' Compensation Act, KRS 342.690 requires an employer to secure payment of compensation as a condition of benefitting from the exclusive liability provision. *Gordon v. NKC Hospitals, Inc.*, Ky., 887 S.W.2d 360, 362 (1994). KRS 342.610 and KRS 342.690(1) ensure that an injured employee will be able to collect benefits, even if the worker's immediate employer has failed to obtain coverage. These sections were not intended to insulate the immediate employer from liability if it has failed to obtain coverage.

Moreover, KRS 342.690(2) allows an injured worker to bring both a tort claim and a workers' compensation claim against an employer who fails to secure workers' compensation coverage. The statute contemplates that the worker may be able to recover from both actions, subject to an offset to prevent double recovery. This Court concludes that a subcontractor who fails to secure workers' compensation coverage is not entitled to the benefit of the exclusive liability provision, even if an "up-the-ladder" contractor becomes liable for payment of benefits to the employee. Therefore, the trial court erred in dismissing Matthews's tort action.

Accordingly, the judgment of the Ohio Circuit Court is vacated, and this matter is remanded with directions to reinstate Matthews's tort action and to proceed on the merits of his claim.

ALL CONCUR.

---

1. Since the parties do not raise the issue, we presume that the work provided by G & B Trucking was "a regular and recurrent part" of Pyramid Mining's business, so as to entitle Pyramid Mining to the benefit of the exclusive liability provision of the Workers' Compensation Act.