**Billie Jane WILLIAMS (now Billie Jane Roberts) Eminence, Kentucky, Appellant,**

**v.**

**Lawson WILLIAMS, Eminence, Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 4, 1956.

Rehearing Denied June 22, 1956.

Thomas & Thomas, New Castle, for appellant.

Berry & Floyd, New Castle, for appellee.

CULLEN, Commissioner.

Billie Jane Williams and Lawson Williams were divorced in 1951: By agreement, the judgment awarded custody of their two-year-old son to the father, with the customary provision that the custody might be changed upon motion in the future "as the circumstances of the parties may change." In January 1952 the mother moved for custody, which the court denied. Another motion by the mother in March 1954 also was denied. In November 1955 she again moved for custody, and again an order was entered denying the relief sought. On each motion evidence was heard. The present appeal is from the order entered upon the November 1955 motion.

It is the established rule that a decree of divorce fixing the custody of a child may be modified only upon a showing of a change of conditions. Cole v. Cole, 299 Ky. 319, 185 S.W.2d 382; 17 Am.Jur., Divorce and Separation, sec. 684, pp. 518, 519. The order overruling the motion of March 1954 must be considered as conclusive as concerns the conditions then existing, with the result that the mother could prevail upon her present motion only by showing a change of conditions since March 1954.

The chief complaint of the mother is that her former husband and his present wife have permitted the boy to spend most of his time with his paternal grandmother, who operates a beauty shop and had living quarters in a building in which a close male friend of the grandmother operates a barber shop and also has living quarters. The evidence shows that this condition has existed ever since the divorce and if there has been any change since March 1954 it has been for the better, in that the second wife of the boy's father has quit work and now is able to devote more time and attention to the boy, and the grandmother no longer lives in the barber shop building. There has been no material change in the mother's circumstances.

We cannot say that the chancellor erred in determining that there had not been a sufficient showing of a change of conditions to warrant a change of custody of the child.

The judgment is affirmed.