### Willie VINCENT, Appellant,

v.

### Lee VINCENT, Appellee.

Court of Appeals of Kentucky.

Oct. 10, 1958.

Roy N. Vance, Paducah, for appellant.

Robert B. Reed, Paducah, for appellee.

STANLEY, Commissioner.

When the trial court granted a divorce to Willie Vincent from Mrs. Lee

Vincent, the judgment entered June 24, 1957, awarded the custody of their two and one-half year old child to the mother with right of visitation by the father. Certain payments were directed to be made by him for maintenance of the child. On the father's petition, on September 20, 1957, the court changed the award of custody to the father because the mother had moved from the state and taken the child with her. Four days thereafter the mother came in and showed absence of notice of the father's petition for modification and the necessity for her moving to a place where she could obtain work. After a hearing, the court filed a statement of "Findings of Fact and Conclusions of Law" and entered judgment on January 4, 1958, dismissing the mother's petition. Three days thereafter the mother filed a "Supplemental Complaint" in which she asked the court to reconsider the question of the child's custody. The husband moved to dismiss this amended or supplemental complaint because the former judgment was res judicata, and he filed an answer alleging that there had been no change in conditions. He also moved the court to issue a rule of contempt against the mother for violating the orders of the court with respect to the child.

The motion to dismiss the Supplemental Complaint was overruled because of the provision of KRS 403.070, that "at any time" after judgment, upon petition of either parent, "the court may revise any of its orders as to the children, having principally in view in all such cases the interest and welfare of the children." The court opened up the case and, after a hearing of oral evidence, filed a statement of his findings in which he recited that, in the absence of a "statutory friend of the court," he had seen the child and had personally investigated the situation of the parties. He found that both parents are mature persons and both of them love the child and are fit and proper persons to have her custody, but that they bear intense feelings of animosity toward each other. The court's conclusion was that he had erred in modifying the original judgment because of the removal of the mother from the state, but that the grounds were sufficient to relieve the father of his payments for the child's support. The court reviewed the record, made specific findings of fact and entered judgment on March 3, 1958, awarding custody of the child to the mother. This appeal is prosecuted from that judgment.

It is not necessary to review the evidence, for it supports the findings of the court.

■ The appellant concedes the authority of the court to review the question of custody of a child from time to time upon application of either parent, as provided in KRS 403.070, but maintains that the matter had been litigated and the judgment of January 4, 1958, was final and the mother's only remedy was an appeal. The appellant argues that to permit a reopening of the question upon a petition filed so soon after judgment is repetitious and submits that the approval of the procedure will result in endless litigation. The predicate of the argument is that unless conditions have adversely changed, the court may not open up the judgment. We have held that a decree fixing the custody of a child may be or should be modified only on a showing of a change of conditions. Williams v. Williams, Ky., 290 S.W.2d 788. That is ordinarily true, but the holding relates to the merits of the case and not to judicial power.

As stated above, the real ground upon which the court gave the custody of the child back to the mother after having changed his order is that upon further inquiry and evidence he had found he had made a mistake rather than that there had been a change in the conditions.

■ The doctrine of res judicata is not applicable to a proceeding to determine the care and custody of a child of divorced parents. The court retains a continuing

power to revise or alter its order or to enter a new decree, as the circumstances may require, both under the statutory provision and the inherent power of a court of equity in such cases. KRS 403.070; Franklin v. Franklin, 299 Ky. 426, 185 S.W.2d 696, 697; Beutel v. Beutel, 305 Ky. 683, 205 S.W.2d 489. In the present case it is to be noted that the proceeding was also authorized by CR 59.05 as a motion to alter or amend a judgment, as well as under KRS 403.070. Although the supplemental complaint or request for reconsideration was filed three days after the last order had been entered, two months elapsed before judgment was rendered on it.

Another point argued by the appellant is that the mother was in contempt of court and, therefore, was not entitled to have the previous award of custody to him set aside. We will not disturb the finding of the court that the mother was not in contempt.

Judgment affirmed.