Stephanie GULLION, Appellant,

v.

Matthew GULLION, Appellee.

No. 2004–SC–000494–DG.

Supreme Court of Kentucky.

May 19, 2005.

Linda W. Covington, Gess Mattingly & Atchison, P.S.C., Lexington, Counsel for Appellant.

Thomas P. Jones, Beattyville, Counsel for Appellee.

LAMBERT, Chief Justice.

This Court granted discretionary review upon motion of Appellant, Stephanie Gullion, to decide whether there is a basis in case law or the Kentucky Rules of Civil Procedure to require affidavits to accompany a CR 59.05 motion to alter, amend or vacate a custody judgment. Affidavits are clearly required for KRS 403.340 motions when a party seeks to modify a custody order. However, in this case, modification of the custody order pursuant to KRS 403.340 was not possible until the trial court had ruled on the CR 59.05 motion,

and thereby rendered a final judgment. Therefore, because the language of CR 59.05 does not require affidavits to be filed, we reverse the Court of Appeals. We hold that affidavits are not required in support of a CR 59.05 motion to alter, amend or vacate a judgment.

Appellee, Matthew Gullion, filed a petition seeking dissolution of marriage and emergency temporary custody of the parties' minor daughter. Matthew was awarded emergency custody in an *ex parte* order on December 23, 1999. But the trial court conducted a hearing and set aside the *ex parte* order on January 2, 2000. Stephanie and Matthew were awarded *pendente lite* joint custody with the child to reside with each party for two weeks on an alternating basis. At another hearing on the issue, the Domestic Relations Commissioner (DRC) recommended that Matthew have primary custody of the child and that Stephanie be allowed reasonable visitation.

On February 14, 2002, the circuit court adopted the recommendation of the DRC, and entered its final order continuing the month-to-month custody arrangement with physical custody to Matthew. The DRC's recommendation was adopted only six days after the report. This premature adoption of the report violated CR 53.06, which allows parties ten days in which to the file objections to the DRC's recommendation. Nevertheless, five days later, on February 19, 2002, Stephanie timely filed a CR 59.05 motion to alter or amend the custody order on grounds that the court's finding that Matthew has a more stable home life for the child to grow up and go to school is clearly erroneous. Within that motion, she requested primary custody. Stephanie repeatedly renewed her CR 59.05 motion in

the following months, but the motion remained pending for almost one year before resolution.[1]

A contentious series of events occurred between the parties prior to ruling on the CR 59.05 motion. On September 5, 2002, Matthew returned to court and obtained an emergency custody order upon a finding that Stephanie was in violation of the court's custody order of February 14, 2002. The violation occurred because Stephanie did not return the child after a regularly scheduled visit. Stephanie argued that based upon the child's statements that Matthew stored an unlocked weapon in his bedroom and that the child was allowed to sleep in the same bed with Matthew and his girlfriend, she feared for the child's safety. In the emergency custody order, Matthew was awarded custody and Stephanie's visitation was suspended. Additionally, Stephanie was ordered to immediately return the child to Matthew and appear for a show cause hearing. On September 20, 2002, Stephanie filed a response to the motion for show cause and filed a motion to set aside the order for emergency custody entered on September 5, 2002. In her motion to set aside the emergency order, she sought to reinstate the order of joint custody but to designate her as the temporary residential custodian.

The proceeding was transferred to family court and hearings were conducted on the *ex parte* emergency custody order, the pending CR 59.05 motion, and Stephanie's response to the show cause order. On January 7, 2003, the family court entered an order finding it in the child's best interest to continue joint custody, but designated Stephanie as the primary custodian. This order also allowed Matthew six weeks

---

**1.** The record reflects that Stephanie renewed her CR 59.05 motion on March 14, 2002, March 29, 2002, and May 2, 2002.

custody in the summer and visitation during spring and fall breaks. The trial court did not alter or amend the custody award from the original grant of joint custody, and the only change was to designate Stephanie as the primary custodian.

Matthew appealed to the Court of Appeals arguing that the trial court did not have subject matter jurisdiction, and that the trial court abused its discretion when it set aside the emergency custody order giving him primary custody. The Court of Appeals held that Stephanie did not comply with KRS 403.340 because in her CR 59.05 motion she did not file affidavits and the trial court did not make consistent findings to support a change in custody. The Court of Appeals, in holding that a CR 59.05 motion sought modification, stated that "a change in the residential custodian is a modification of custody." We granted discretionary review to determine whether affidavits are required to be filed with a CR 59.05 motion to alter, amend or vacate a final judgment.

Stephanie contends that the Court of Appeals opinion creates a procedural requirement that is contrary to statutory law by necessitating that affidavits be submitted with a CR 59.05 motion when it involves a custody matter. She points out that CR 59.05 is not limited to custody proceedings, and acknowledges that a CR 59.05 motion may have the effect of altering or amending a custody order. But she contends that a CR 59.05 motion should not have the procedural requirements of KRS 403.340. An unusual lapse of time between filing a CR 59.05 motion and the court's ruling, she argues, does not convert a CR 59.05 motion into a KRS 403.340 motion to amend a custody order requiring affidavits. As to the other view, Matthew contends that once the final custody determination was made, Stephanie was required to file two affidavits pursuant to KRS 403.340, and that her failure to do so prevented the trial court from acquiring subject matter jurisdiction. In support, he proposes that the specific provisions of KRS 403.340 govern modifications, and should be applied over the more general requirements of CR 59.05.

## I.

CR 59.05 states that "[a] motion to alter or amend a judgment, or to vacate a judgment and enter a new one, shall be served not later than 10 days after entry of the final judgment." The language of the rule contains no affidavit requirement. However, this Court has made clear that a ruling on a post-judgment motion is necessary to achieve finality, and procedurally, a CR 59.05 motion stays finality until the motion is ruled upon.[2] CR 59.05 may be used to dispute an order or judgment a party believes to be incorrect,[3] and a trial court has "unlimited power to amend and

---

**2.** *Kurtsinger v. Bd. of Trs. of Kentucky Ret. Sys.*, 90 S.W.3d 454, 458 (Ky.2002) ("The timely filing of CR 59.05 motion postpones finality, and a ruling on the CR 59.05 motion is necessary to achieve finality."). Rule 59.05 is considered the same as FRCP 59(e). *See Bates v. Connelly*, 892 S.W.2d 586 (Ky.1995); *FHC Equities, LLC v. MBL Life Assurance Corp.*, 188 F.3d 678 (6th Cir.1999) (holding that a timely motion under Rule 59 toils the time for appeal until the court provides a ruling on the motion); 11 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d

§ 2817 [hereinafter "FEDERAL PRACTICE AND PROCEDURE"].

**3.** *Security Federal Sav. & Loan Ass'n of Mayfield v. Nesler*, 697 S.W.2d 136, 139 (Ky.1985) (holding that the final order stood because there was no filing of a CR 59.05 motion in ten days, and that an when earlier order is incorrect or "priorities were misapplied, then a motion under CR 59.05 was the proper remedy").

alter its own judgments."[4]

The requirements of CR 59.05 and that of KRS 403.340 are entirely different procedurally with regards to jurisdiction and finality. As such, each must be allowed to individually serve its own purpose.[5] The reasoning of *Dull v. George* supports the proposition that if affidavits are not required for CR 60.02 motions, then likewise they should not be required for CR 59.05 motions.[6] And we hereby adopt that reasoning upon the premise that CR 59.05 permits the trial court to continue jurisdiction over its orders while the motion is pending. While jurisdiction under a KRS 403.340 motion to modify custody order is exerted only when the requirements of that statute are met,[7] there is no conflict between KRS 403.340 and CR 59.05 because the affidavit requirements of KRS 403.340 are not implicated unless the original custody order is final and the CR 59.05 motion has been ruled upon. Simply put, a custody modification cannot be requested unless there is a final custody order to modify. It is not within the province of this Court to create or apply statutory requirements in contravention to long established procedural rules. Therefore, we reverse the Court of Appeals.

## II.

An ancillary issue we must review is whether the family court abused its discretion in granting Appellant's CR 59.05 motion to alter or amend its judgment. It is argued by Matthew that the family court considered evidence that occurred subsequent to the circuit court's ruling that the father be the primary custodian. The trial court, in considering the CR 59.05 motion to alter or amend, reviewed the record of the DRC hearing and considered the father's behavior regarding communication with and between the child and Stephanie as evidence for changing the primary custodian from the father to the mother. The trial court found that the record showed that both parents are good parents and

4. *Henry Clay Mining Co. v. V & V Min. Co.,* 742 S.W.2d 566, 566–67 (Ky.1987) (holding that a trial court under CR 52.02 may amend its judgment's effective date to rectify a clerical error and that it was permissible for a trial court judgment *sua sponte,* or on the motion of a party made within the ten day period after entry of judgment, to amend its findings or make additional findings under CR 59) *citing Pattie A. Clay Infirmary v. First Presbyterian Church,* 605 S.W.2d 52, 54 (Ky.App.1980). *See also Vincent v. Vincent,* 316 S.W.2d 853, 855 (Ky.1958) (noting that where a supplemental complaint or request for reconsideration of an original custody order was filed three days after the last order had been entered, and two months had elapsed before judgment was rendered on it, the review of its custody order would have been proper under CR 59.05).

5. In *Perry v. Com., ex rel. Kessinger,* 652 S.W.2d 655, 659 (Ky.1983), we held that "[o]ne procedural rule or statute does not supersede another merely by providing an alternative means for obtaining the same type of evidence. For example, the discovery rules sometimes do so without one becoming subordinate to another. While overlapping in some instances, each of such rules has its particular function to perform just as CR 35.01 and KRS 406.081 have."

6. 982 S.W.2d 227, 229 (Ky.App.1998). *See Granville & Nutter Shoe Co. v. Florsheim Shoe Co.,* 569 S.W.2d 721, 723 (Ky.App.1978) (holding that CR 60.02 motions are not inconsistent with CR 59.05).

7. *Petrey v. Cain,* 987 S.W.2d 786, 788 (Ky. 1999) (holding that a trial court does not acquire subject matter jurisdiction in a post dissolution motion to modify a prior custody decree unless the motion is accompanied by the requisite affidavit or affidavits); *Copas v. Copas,* 699 S.W.2d 758, 759 (Ky.App.1985) (holding that trial court had no authority to consider custody modification motion that was not supported by at least two affidavits filed almost one year after the initial custody order).

that each presented a stable environment for the child.

■ Here, the CR 59.05 motion lingered for approximately one year before being ruled upon by the trial court. Along with the motion to alter or amend, the trial court heard evidence on a show cause order and a motion to set aside the emergency custody order. The trial judge ruled on the other two motions, but delayed ruling on the motion to alter and amend to allow time for review of a tape of the DRC hearing.[8] The trial court found that "[b]ased upon the testimony before the commissioner as well as the testimony before this court, it is clear both parents are most capable to care for and are able to care for this child." In its determination of the best interest of the child, the trial court also found that "in the hearing of September 2001 as in the hearing before this court, the father has difficulty in allowing contact between the mother and the child and difficulty in communicating with the mother regarding the child." It is clear that the judge did review the DRC hearing, but because Appellant's CR 59.05 motion was granted, in part, on evidence not in existence at the time of trial, we remand to the trial court for further consistent consideration.

■ CR 59.05 simply provides: "A motion to alter or amend a judgment, or to vacate a judgment and enter a new one, shall be served not later than 10 days after entry of the final judgment." A party cannot invoke CR 59.05 to raise arguments and to introduce evidence that should have been presented during the proceedings before the entry of the judgment.[9] Unlike CR 60.02, CR 59.05 does not set forth the grounds for the motion. But because "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly,"[10] the federal courts, in construing CR 59.05's federal counterpart, Federal Rule of Civil Procedure 59(e),[11] have limited the grounds:[12]

> There are four basic grounds upon which a Rule 59(e) motion may be granted. First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice. Serious misconduct of counsel may justify relief under this theory. Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law.[13]

---

8. Both parties agree that the record of the DRC hearing was rendered inaudible and unreviewable, but agree that this occurred sometime after the family court judge reviewed the tape.

9. *Hopkins v. Ratliff*, 957 S.W.2d 300 (Ky.App. 1997). Kurt A. Philipps, Jr., 7 Kentucky Practice, Rules of Civil Procedure Annotated, CR 59, cmt. 6, at 406 (5th ed.1995).

10. Federal Practice and Procedure § 2810.1.

11. Fed.R.Civ.P. 59(e) ("Motion to Alter or Amend Judgment. Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment.").

12. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir.1998) ("And the only grounds for a Rule 59(e) motion, as the plaintiff points out, are newly discovered evidence, an intervening change in the controlling law, and manifest error of law.").

13. Federal Practice and Procedure § 2810.1; *see Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir.1998) ("And the only grounds for a Rule 59(e) motion, as the plaintiff points out, are newly discovered evidence, an intervening change in the controlling law, and manifest error of law.").

Although a trial court may grant a CR 59.05 motion if the movant presents newly discovered evidence that was not available at the time of trial,[14] "newly discovered evidence" must be of facts existing at the time of trial.[15] "If it were grounds for a new trial that facts occurring subsequent to the trial have shown an inaccurate prophecy, litigation would never come to an end."[16] Thus, it is improper for a trial court to rely upon evidence of events that occurred subsequent to the trial in ruling on a CR 59.05 motion.

█ In the present case, the trial court is to be commended for reviewing the evidence before the domestic relations commissioner; however, the trial court committed reversible error when, in changing custody, it relied in part on facts that occurred subsequent to the custody trial. Although the "child's best interest" is the standard for awarding custody, it cannot be a refuge for disregarding an established rule of law and bending procedural rules, especially when those rules are in place, at least in part, to protect the child's best interest. If facts have occurred since the trial that justify a change of custody, the law adequately provides a method to address such a situation,[17] but because a CR 59.05 motion cannot be granted on facts

that did not exist at trial, the filing with a CR 59.05 motion of affidavits showing a change of circumstances does not make it a proper motion to change custody under KRS 403.340. Accordingly, this case is remanded to the trial court with directions to limit its consideration of Appellant's CR 59.05 motion to facts that existed at the time of trial.

COOPER, GRAVES, JOHNSTONE, KELLER, SCOTT, and WINTERSHEIMER, JJ., concur.

---

**14.** *Eli Lilly and Co. v. Aradigm Corp.*, 376 F.3d 1352, 1369 (Fed.Cir.2004) ("'[A] district court 'may grant a Rule 59(e) motion to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact.' '").

**15.** *Corex Corp. v. United States*, 638 F.2d 119, 121 (9th Cir.1981) ("Cases construing 'newly discovered evidence,' either under 60(b)(2) or Rule 59, uniformly hold that evidence of events occurring after the trial is not newly discovered evidence within the meaning of the rules."); FEDERAL PRACTICE AND PROCEDURE § 2808; *cf. Vincent*, 316 S.W.2d at 854–55 ("As stated above, the real ground upon which the court gave the custody of the child

back to the mother after having changed his order is that upon further inquiry and evidence he had found he had made a mistake rather than that there had been a change in the conditions.... The court retains a continuing power to revise or alter its order or to enter a new decree, as the circumstances may require, both under the statutory provision and the inherent power of a court of equity in such cases. In the present case it is to be noted that the proceeding was also authorized by CR 59.05 as a motion to alter or amend a judgment, as well as under KRS 403.070.").

**16.** *Nordin Const. Co. v. City of Nome*, 489 P.2d 455, 473 (Alaska 1971).

**17.** *See* KRS 403.340.