RENDERED: AUGUST 21, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-000399-MR

GLENN MCKINLEY STOVER       APPELLANT

      APPEAL FROM JACKSON CIRCUIT COURT
v.     HONORABLE OSCAR GAYLE HOUSE, JUDGE
      ACTION NO. 17-CI-00064

LINDA WILLIAMS, INDIVIDUALLY
AND AS EXECUTOR OF THE
ESTATE OF GLENN EDWARD STOVER,
DECEASED            APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; DIXON AND MAZE, JUDGES.

MAZE, JUDGE: Glenn McKinley Stover (Glenn) appeals from a summary

judgment of the Jackson Circuit Court rejecting his claims against Linda Williams,

individually and as executor of the estate of Glenn Edward Stover (Williams).

Glenn argues that summary judgment was inappropriate due to the existence of genuine issues of material fact. Finding no error, we affirm.

The relevant facts of this case are not in dispute. Glenn Edward Stover (Stover) died testate on December 22, 2015. On December 29, 2015, Williams filed a petition in the Jackson District Court to probate his will. The district court appointed Williams as executor on January 4, 2016, as designated in the will.

On April 25, 2017, Williams, individually and as executor, filed a complaint in circuit court against Stover's son, Glenn, and Jackie T. Robinson. The complaint alleged that there were genuine issues concerning the rights of these named beneficiaries.[1] In relevant part, Glenn asserted that 268 savings bonds owned by Stover had passed to him under the will, while Williams asserted that they passed to her under the residuum clause of the will.

On November 21, 2017, Williams filed a motion for summary judgment, seeking a holding that the savings bonds passed to her under the terms of the will. In support of the motion, Williams filed an affidavit stating that she found the bonds in a safe in a closet in the home she shared with Stover. Neither the bonds nor the contents of the safe were mentioned in the will. Since any

---

[1] Robinson is Williams's son and is a named beneficiary under the will. However, he is not a party to this appeal and there are no issues relating to his bequests.

property not specifically bequeathed passed to Williams under the terms of the will, she argued that she was entitled to judgment as a matter of law. Glenn did not file a written response to the motion.

On January 3, 2018, the trial court entered a partial summary judgment finding no genuine issue of material fact whether the savings bonds were part of Stover's personal property not elsewhere bequeathed in his will. Consequently, the court directed that the bonds be distributed to Williams. Thereafter, Glenn filed a motion to alter, amend, or vacate pursuant to CR[2] 59.05. In his motion, he alleged that the "safe" described by Williams was actually a filing cabinet. Stover's will specifically bequeathed the filing cabinet and its contents to Glenn. Glenn asserted there was a factual issue whether the repository of the bonds was a safe or a filing cabinet. Glenn also presented affidavits from his sons stating that they never saw a safe in the closet where Williams found the bonds.

On December 5, 2018, the trial court entered an order denying Glenn's CR 59.05 motion. The court noted that the affidavits filed with his motion were not timely filed. In addition, the court also found that the allegations in the affidavits were speculative and insufficient to rebut the evidence presented by

---

[2] Kentucky Rules of Civil Procedure.

Williams. In a separate judgment entered the same day, the trial court directed that Stover's estate be distributed as proposed by Williams. Glenn now appeals from these orders.

The sole question properly presented on appeal is whether Williams was entitled to summary judgment as a matter of law. "The proper function of summary judgment is to terminate litigation when, as a matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56.03. "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest*, 807 S.W.2d at 480 (citations omitted). The trial court "must examine the evidence, not to decide any issue of fact, but to discover if a real issue exists." *Id.* Since a summary judgment involves no fact-finding, this Court's review is *de novo*, in the sense that we owe no deference to the conclusions of the trial court. *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996).

As the trial court noted, Glenn did not respond to Williams's motion for summary judgment. Furthermore, he did not submit the affidavits until he filed his CR 59.05 motion. "[A] party cannot invoke CR 59.05 'to raise arguments and to introduce evidence that should have been presented during the proceedings before the entry of judgment.'" *Rumpel v. Rumpel*, 438 S.W.3d 354, 365-66 (Ky. 2014) (quoting *Gullion v. Gullion*, 163 S.W.3d 888, 893 (Ky. 2005)). Significantly, Glenn does not rely on the affidavits as a basis for relief on appeal.

Rather, Glenn only argues that Williams failed to establish that there were no genuine issues of material fact and that she was entitled to judgment as a matter of law. Glenn contends that Williams never presented definitive proof that the safe was in the house prior to Stover's death or that the bonds were actually in the safe at the time of his death. Consequently, he maintains that summary judgment was not appropriate at the time.

We disagree. "[A] party opposing a properly supported summary judgment motion cannot defeat it without presenting at least some affirmative evidence showing that there is a genuine issue of material fact for trial." *Steelvest*, 807 S.W.2d at 481 (citations omitted). The party opposing summary judgment cannot rely merely on his own claims or arguments, but rather must point to significant supporting evidence. *See, e.g.*, *Wymer v. JH Properties Inc.*, 50 S.W.3d

195, 199 (Ky. 2001). In this case, the trial court was not obligated to consider Glenn's speculations and conjectures offered without any evidentiary support.

Moreover, the terms of Stover's will are clear and unambiguous. In Article 4, Stover made a series of specific bequests to Glenn, which included a "filing cabinet, all jewelry, all firearms except for my .22 rifle and ammunition, encyclopedias, [and] coins[.]" The bonds are not mentioned among the items bequeathed. Stover also made additional bequests to Williams, including "all remaining personal property" located in his residence "unless I have specifically bequeathed those items elsewhere."

Glenn points to no affirmative evidence that the bonds were ever in the filing cabinet. Without such evidence, the trial court had no basis to reject Williams's affidavit that she found the bonds in a safe. Thus, the trial court correctly concluded that Williams was entitled to judgment as a matter of law.

Accordingly, we affirm the judgment of the Jackson Circuit Court.

ALL CONCUR.


BRIEF FOR APPELLANT:

James D. Hodge
London, Kentucky

BRIEF FOR APPELLEE:

Scott M. Webster
London, Kentucky