RENDERED:  AUGUST 19, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1342-MR

MARTIN ALAN WILLINGER                                              APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT
v.       HONORABLE LAUREN ADAMS OGDEN, JUDGE
ACTION NO. 18-CI-501111

RHONDA KAY WILLINGER AND
HONORABLE LINDA JEAN NOLL                              APPELLEES

OPINION
AFFIRMING IN PART, REVERSING IN PART,
AND REMANDING

** ** ** ** **

BEFORE:  DIXON, LAMBERT, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE:  Martin Willinger appeals from orders of the Jefferson

Circuit Court which reduced his maintenance obligation, ordered him to pay

Rhonda Willinger's attorney fees, and ordered that Ms. Willinger's maintenance

award was no longer taxable.  Mr. Willinger argues that the trial court should have

reduced the amount of maintenance even further, that he should not be held liable

for Ms. Willinger's attorney fees, and that Ms. Willinger's maintenance should be deemed taxable income. We conclude that the amount of maintenance Mr. Willinger is required to pay Ms. Willinger is appropriate. We also believe the trial court did not err in ordering Mr. Willinger to pay Ms. Willinger's attorney fees. Finally, we believe the court erred in declaring Ms. Willinger's maintenance as non-taxable. We affirm in part, reverse in part, and remand.

### FACTS AND PROCEDURAL HISTORY

Mr. and Mrs. Willinger were married on June 13, 1992. Mr. Willinger filed a petition for dissolution of marriage on April 23, 2018. The parties entered into a marital settlement agreement on September 5, 2018. Part of the agreement stated that Mr. Willinger was to pay Ms. Willinger maintenance in the amount of $3,000 per month. The agreement stated that the maintenance amount could be modified.

At the time the parties entered into the agreement, Mr. Willinger was working for Ford Motor Company as an engineer and was making approximately $220,000 a year. In 2020, Mr. Willinger's income was drastically impacted by the COVID-19 pandemic. A large portion of Mr. Willinger's income came from working overtime. Once the pandemic began, the production of Ford automobiles declined and Mr. Willinger lost the ability to work overtime. In addition, the plant at which Mr. Willinger worked shut down several times due to the pandemic.

In late 2020, Mr. Willinger unilaterally began lowering his monthly maintenance payments. At first, he began paying Ms. Willinger $2,000 per month, but eventually settled on paying only $1,500 per month. On March 23, 2021, Ms. Willinger filed a motion to hold Mr. Willinger in contempt for failing to pay the full amount of maintenance. That same day Mr. Willinger filed a motion seeking to reduce his monthly maintenance obligation amount to $1,500.

On October 11, 2021, a hearing was held regarding the contempt and maintenance reduction motions. On October 14, 2021, the trial court entered an order which found that Mr. Willinger's income had been greatly reduced and that he was on track to make around $130,000 for 2021. The court ordered that his new maintenance obligation would be $2,000 per month. The court also ordered that he should pay the maintenance arrearage and should pay Ms. Willinger's attorney fees. The court also declined to hold Mr. Willinger in contempt.

Both parties then filed Kentucky Rules of Civil Procedure (CR) 59.05 motions to alter, amend, or vacate the judgment. Ms. Willinger argued that the trial court erred in calculating the amount of Mr. Willinger's maintenance arrearage, that the court should not have reduced the maintenance amount, and that the court should order that the amounts she receives in maintenance should not be

deemed taxable income.[1]  Mr. Willinger's CR 59.05 motion asked the court to reduce his maintenance obligation to $1,500 and requested that he not be liable for Ms. Willinger's attorney fees.

The trial court denied Mr. Willinger's motion to amend, but granted Ms. Willinger's motion in part.  The court agreed that it made an error in the amount of maintenance arrearage owed by Mr. Willinger.  The court also ordered that Ms. Willinger's maintenance award was non-taxable.  This appeal followed.

## ANALYSIS

Mr. Willinger's first argument on appeal is that the trial court erred by not reducing his maintenance obligation to $1,500.  He argues that he was only going to make $110,000 to $115,000 in 2021, not $130,000 as the trial court found; therefore, his maintenance obligation should be reduced further.

> We review the family court's determination regarding a motion to modify maintenance for an abuse of discretion.  We cannot substitute our judgment for the family court's if there is substantial evidence supporting that court's decision.  Further, we may not set aside the family court's factual findings unless they are clearly erroneous.

*Block v. Block*, 252 S.W.3d 156, 159 (Ky. App. 2007) (citations omitted).

---

[1] The Internal Revenue Service (IRS) regulations at the time the marital settlement agreement was entered into stated that maintenance awards were taxable income.  After 2018, the IRS changed the regulations and maintenance awards did not have to be taxed if so ordered by a court.

During the maintenance reduction hearing, Mr. Willinger testified that he believed he would only make around $110,000 to $115,000 in 2021. Also provided during the hearing were some of Mr. Willinger's paystubs. Those paystubs indicated that at the end of September 2021, Mr. Willinger had made $98,050 worth of income. That would indicate that he was making an average of approximately $10,894.44 a month.[2] Using this average amount, it would indicate that he would make around $130,733.28 in 2021.[3]

Although the trial court did not indicate how it concluded that Mr. Willinger was on track to make $130,000 in 2021, the above calculations based on Mr. Willinger's paystub supports the trial court's finding. Mr. Willinger's testimony regarding an expected income of $110,000 to $115,000 was seemingly based on his base pay amount and did not take into account bonuses and overtime hours.[4] The trial court did not abuse its discretion in reducing Mr. Willinger's maintenance obligation to $2,000 per month and the reduction amount is supported by substantial evidence.

Mr. Willinger's next argument on appeal is that the trial court erred by awarding Ms. Willinger attorney fees. Mr. Willinger argues that the proof

---

[2] $98,050 divided by 9 months equals approximately $10,894.44 per month.

[3] $10,894.44 multiplied by 12 months equals $130,733.28.

[4] Testimony indicated that Mr. Willinger was able to work some overtime hours in 2021, but not as much as before the pandemic.

indicates his income has been greatly reduced and he cannot afford to pay Ms. Willinger's attorney fees.

Kentucky Revised Statute (KRS) 403.220 gives a trial court the authority to award attorney fees in divorce actions. We review a decision to award attorney fees under the abuse of discretion standard. *Smith v. McGill*, 556 S.W.3d 552, 556 (Ky. 2018). Here, Ms. Willinger's income comes solely from the maintenance she receives and from a monthly disability payment of $852. She has no independent income. Based on the disparity of the financial resources of the parties, the trial court held that Mr. Willinger should pay Ms. Willinger's attorney fees. We agree that this was appropriate and not an abuse of discretion.

We also acknowledge that one of the terms of the marital settlement agreement indicated that if one of the parties violated the agreement, that person would be responsible for the attorney fees of the other party. Here, Mr. Willinger reduced the amount he was paying in maintenance without going through the court. This would be a breach of the settlement agreement and would entitle Ms. Willinger to attorney fees.

Mr. Willinger's final argument is that the trial court erred in ordering Ms. Willinger's maintenance award to be non-taxable. He argues that if the maintenance cannot be taxable to Ms. Willinger, he will no longer be able to

deduct the maintenance amounts from his income taxes, thereby causing him additional financial hardship.

We believe this issue should not have been ruled upon by the trial court. The issue was not raised during the maintenance hearing and Mr. Willinger was not given the opportunity to make an argument regarding it. The issue was first raised in Ms. Willinger's CR 59.05 motion to alter, amend, or vacate. "A party cannot invoke CR 59.05 to raise arguments and to introduce evidence that should have been presented during the proceedings before the entry of the judgment." *Gullion v. Gullion*, 163 S.W.3d 888, 893 (Ky. 2005) (footnote and citation omitted). Seeing as this issue was improperly raised, we reverse and remand.

## CONCLUSION

Based on the foregoing, we affirm in part, reverse in part, and remand. We affirm the trial court's judgment regarding the maintenance reduction and the attorney fees. We reverse the court's decision making Ms. Willinger's maintenance non-taxable because it was not properly raised. On remand, the trial court shall order that Ms. Willinger's maintenance award is taxable income.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Allison S. Russell
Shanna R. Ballinger
Louisville, Kentucky

BRIEF FOR APPELLEE RHONDA
WALLINGER:

Linda J. Noll
Louisville, Kentucky