RENDERED: SEPTEMBER 23, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1368-MR

COMMONWEALTH OF KENTUCKY
D/B/A KENTUCKY DEPARTMENT
OF AGRICULTURE                                                                          APPELLANT


                              APPEAL FROM FRANKLIN CIRCUIT COURT
v.                      HONORABLE THOMAS D. WINGATE, JUDGE
                              ACTION NO. 20-CI-00659


LOWELL MCGOWAN AND
KENTUCKY PERSONNEL BOARD                                         APPELLEES


OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE:  CALDWELL, GOODWINE, AND JONES, JUDGES.

GOODWINE, JUDGE:  The Kentucky Department of Agriculture ("KDA")

appeals from an opinion and order of the Franklin Circuit Court reversing an order

of the Kentucky Personnel Board ("the Board") dismissing Lowell McGowan

("McGowan") from his employment.  The circuit court reversed the Personnel

Board ruling that it manifestly erred in failing to address the scoring analysis of

McGowan's evaluation. After careful review, we conclude under the appropriate standard of review, the circuit court erred and reverse reverse and remand with instructions to reinstate the final order of the Kentucky Personnel Board.

The Franklin Circuit Court summarized the relevant facts and procedural history as follows:

> Petitioner, Lowell McGowan, was employed for nineteen (19) years with Respondent, Kentucky Department of Agriculture ("the Department"), most recently as an Agricultural Inspector III. Petitioner's duties included applying chemicals to control weeds and pests in twenty-two (22) western Kentucky counties. Petitioner's supervisor was Shawn Skidmore ("Skidmore") for the first five months of 2018 and John Board ("Board") for the remainder of the year. During 2018, Petitioner and his supervisors did not get along. On July 3, 2018, Mark White, the Department's Human Resources Director, sent Petitioner a letter advising Petitioner of the Department's intent to dismiss him. Accompanying this letter was another letter placing Petitioner on paid administrative leave until the Department's final action. On July 24, 2018, Petitioner appeared with counsel for a pre-termination hearing. The pre-termination hearing resulted in the Department rescinding the letter intending to dismiss Petitioner and instead formally reprimanding Petitioner on July 26, 2018, with Petitioner returning to work on August 1, 2018.
>
> On August 6, 2018, Petitioner received a mid-year review from Skidmore that detailed seventeen (17) deficiencies in his job performance that year. Petitioner also received a Performance Improvement Plan that addressed the correction of the listed deficiencies, as well as identified five specific areas in which the Department felt Petitioner needed improvement. On January 23,

2019, Petitioner received his final performance evaluation for 2018 and year-end review. The Department noted thirteen (13) deficiencies in Petitioner's job performance and Petitioner was rated as either "Barely Meets Expectations" or "Fails to Meet Expectations" for all categories in the evaluation except one. The total score assigned to the evaluation was 146, which was in the Unacceptable category. On the same day, Petitioner marked the box indicating "Disagree with performance evaluation and request reconsideration." On January 24, 2019, Board conducted a reconsideration. As part of the reconsideration, Petitioner had the opportunity to submit evidence showing that his evaluation score was incorrect. Petitioner submitted a handwritten note stating that he believed his evaluation score should be higher and alleged the Department was mounting a campaign against him. Board made no change to Petitioner's evaluation. Petitioner then requested a reconsideration by Skidmore, who also did not make a change to the evaluation

Pursuant to 101 Kentucky [Administrative Regulations] KAR 2:180 § 8, Petitioner's unacceptable evaluation score required that the DOA either demote him or terminate him from employment. The Department's Human Resources Director, Mark White, testified that there were no open positions commensurate with Petitioner's skills and abilities, thus there were no jobs available for the Petitioner to be demoted. On February 28, 2019, Petitioner was sent another notice of intent to dismiss by the Department due to his evaluation score of 146 and Unacceptable rating.

On April 3, 2019, Petitioner appealed his evaluation to the Kentucky Personnel Board ("the Board"). On the same day, Petitioner participated in a pre-termination hearing with the Department's appointing authority, Mark White. On April 15, 2019, Petitioner received a letter terminating him from his position. An administrative hearing took place over four

days in November 2019, with the burden of proof on Respondent to establish the correctness of the evaluation score and whether dismissal was warranted based on Petitioner's evaluation score. After briefing, the Personnel Board's Hearing Officer entered Findings of Fact, Conclusions of Law, and a Recommended Order of dismissal on May 4, 2019. The Hearing Officer found that Petitioner was given proper notice "of his actions creating problems making disciplinary actions necessary to correct his poor work performance." The Hearing Officer concluded that, by a preponderance of the evidence, Petitioner's dismissal was appropriate.

On July 15, 2020, the Board issued its Final Order, altering the Hearing Officer's Findings of Fact, Conclusions of Law, and Recommended Order. The Board altered some of the Hearing Officer's Summary of the Evidence and concluded that the Department "proved by a preponderance of the evidence that [Petitioner] was properly evaluated." Additionally, the Board found that "the evaluation score of 146 was supported by the evidence and [Petitioner's] work was 'Unacceptable.'" Thus, the Board concluded that Petitioner's dismissal was neither excessive nor erroneous and dismissed his appeal. Petitioner timely appealed to this Court.

Record ("R.") at 184-86 (footnotes omitted).

On July 13, 2021, the circuit court entered an opinion and order holding "the Board's Final Order is supported by substantial evidence in the record." R. at 189. Thus, the circuit court initially affirmed the final order of the Board and made the order final and appealable.

McGowan subsequently filed a motion to alter, amend, or vacate the circuit court's order. The KDA opposed the motion. On September 30, 2021, the

circuit court entered an order vacating its July 13, 2021, order and remanding the matter to the Board for an additional hearing. The circuit court determined it "overlooked the absence of scoring analysis in the record and certain other discrepancies between the dismissal letter sent to [McGowan] and evidence relied upon by Respondents." R. at 246. Thus, the circuit court determined it manifestly erred in entering its prior order and remanded the case to the Board "for an additional hearing that considers that scoring of [McGowan's] evaluation." R. at 247.

The Board then moved to alter, amend, or vacate the circuit court's September 30, 2021, order, arguing the circuit court operated "in excess of its statutory authority under [Kentucky Revised Statute] KRS 13B.150." R. at 256. On October 27, 2021, the circuit court entered an order denying the Board's motion, but it clarified it remanded the matter to the Board pursuant to its authority under KRS 13B.150. The circuit court further found the Board's final order was "arbitrary due to [its] failure to consider the scoring issues raised by [McGowan]." R. at 256. This appeal followed.

On appeal, the KDA argues the circuit court: (1) abused its discretion in granting McGowan's motion to alter, amend, or vacate; and (2) erred in ordering the Board to act outside the scope of its statutory authority on remand.

We apply the following standard of review in addressing the KDA's arguments:

> When reviewing the action of an administrative agency, a court is concerned with whether the agency's action was arbitrary, which is defined as "clearly erroneous"; clearly erroneous means not supported by substantial evidence. "Substantial evidence" is evidence which, when taken alone or in light of all the evidence, has sufficient probative value to induce conviction in the minds of reasonable persons.
>
> In reviewing whether an agency's decision is supported by substantial evidence, the reviewing court must adhere to the principle that the agency, as fact finder, is afforded great latitude in its evaluation of the evidence heard and the credibility of the witnesses appearing before it. In addition to the principles established by case law, the judicial review process of Kentucky's administrative procedures act at KRS 13B.150(2) circumscribe the scope of judicial review of factual determinations made in an agency's due process hearing, as follows: "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." What constitutes cause for dismissing a merit employee is a fact question for determination by the Personnel Board.
>
> . . . .
>
> An administrative agency's interpretation of its own regulations is entitled to substantial deference. A reviewing court is not free to substitute its judgment as to the proper interpretation of the agency's regulations as long as that interpretation is compatible and consistent with the statute under which it was promulgated and is not otherwise defective as arbitrary or capricious.

-6-

*Hughes v. Kentucky Horse Racing Authority*, 179 S.W.3d 865, 871-72 (Ky. App. 2004) (footnotes omitted).

First, the KDA argues the circuit court abused its discretion in granting McGowan's motion to alter, amend, or vacate. More specifically, the KDA argues it should be an abuse of discretion for the circuit court, having previously found substantial evidence in the record supporting a final agency decision, to grant a Kentucky Rule of Civil Procedure ("CR") 59.05 motion on the basis that there is not substantial evidence in the record.

In reviewing the Board's final order, the circuit court was bound by KRS 13B.150, which provides:

> (1) Except as provided in KRS 452.005, review of a final order shall be conducted by the court without a jury and shall be confined to the record, unless there is fraud or misconduct involving a party engaged in administration of this chapter. The court, upon request, may hear oral argument and receive written briefs. Challenges to the constitutionality of a final order shall be reviewed in accordance with KRS 452.005.
>
> (2) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the final order or it may reverse the final order, in whole or in part, and remand the case for further proceedings if it finds the agency's final order is:
>
>> (a) In violation of constitutional or statutory provisions;

(b) In excess of the statutory authority of the agency;

(c) Without support of substantial evidence on the whole record;

(d) Arbitrary, capricious, or characterized by abuse of discretion;

(e) Based on an ex parte communication which substantially prejudiced the rights of any party and likely affected the outcome of the hearing;

(f) Prejudiced by a failure of the person conducting a proceeding to be disqualified pursuant to KRS 13B.040(2); or

(g) Deficient as otherwise provided by law.

In its order granting McGowan's motion to alter, amend, or vacate, the circuit court found its initial order was based on a manifest error of fact. *Guillon v. Guillon*, 163 S.W.3d 888, 893 (Ky. 2005). In its order denying the KDA's motion to alter, amend, or vacate, the circuit court further found the Board's findings of fact were arbitrary because it failed to consider the scoring issues raised by McGowan.

Despite the circuit court's determination that the Board did not consider the scoring of McGowan's evaluation, our review of the Board's final order shows the Board did consider the validity of the evaluation in reaching its decision. The Board did not parse out each of the duties and expectations. However, based on our review of McGowan's 2018 annual performance evaluation

and the Board's final order, the Board addressed each item in the evaluation and supported its conclusions with his supervisors' testimony. In its final order, the Board discussed the evidence supporting McGowan's evaluation score. The following is a summary of the Board's findings: "McGowan did not follow the work plan that was detailed for him by his supervisors and did not inform them in a timely manner of the difficulties he encountered in performing his duties. While McGowan performed some work duties, . . . he did not communicate with his supervisors so that they would know what he was doing." R. at 28-29. The Board further found, "McGowan did not accept either Skidmore or Board as his supervisor and insisted on doing things the way he had done in the past. He did not respond to his supervisors and did not meet work deadlines." R. at 29. Based on these findings, the Board concluded, the KDA "proved by a preponderance of the evidence that McGowan failed to meet expectations with respect to these parts of his evaluation, based on the testimony of Shawn Skidmore and John Board," and documentary evidence. R. at 30. The Board, as fact finder, had great latitude to evaluate the evidence before it, and we will not substitute our judgment for the Board's. The Board clearly carefully considered the testimony and documentary evidence presented, and its final order was based on substantial evidence and was not arbitrary. Thus, based on the evidence presented, McGowan's evaluation score

was supported by substantial evidence, and dismissal was appropriate under 101 KAR 2:180 § 8.

Because we held the circuit court abused its discretion in determining the Board's final order was not supported by substantial evidence, we need not address the KDA's remaining argument that the circuit court ordered the Board to act outside the scope of its statutory authority.

For the foregoing reasons, we reverse the order of the Franklin Circuit Court and remand with instructions to reinstate the final order of the Kentucky Personnel Board.

ALL CONCUR.

| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Joseph A. Bilby<br>Nicole T. Liberto<br>Frankfort, Kentucky | Paul F. Fauri<br>Frankfort, Kentucky |