RENDERED: DECEMBER 20, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0096-MR

DAVID EDWARDS                                                    APPELLANT

v.
APPEAL FROM KENTON CIRCUIT COURT
HONORABLE TERRI SCHOBORG, JUDGE
ACTION NO. 22-CI-01715

PORTIA SAYLOR                                                     APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, A. JONES, AND McNEILL, JUDGES.

COMBS, JUDGE:  This appeal arises from a dispute involving a joint custody

agreement.  Appellant, David Edwards (Father), and Appellee, Portia Saylor

(Mother), are the biological parents of a minor child, B.S.  Father appeals the

Kenton Family Court's custody order, which held that Mother is entitled to decide

whether or not the child should have contact with Nikki Saylor, the former

paramour of the maternal grandmother.  After our review, we affirm.

On November 18, 2022, Father filed a verified petition seeking custody of the child, who was then seven years of age. Mother filed a response requesting that his petition be denied and that she be awarded sole custody.

On March 15, 2023, Father filed a motion for joint custody and a shared parenting schedule. In his accompanying affidavit, Father stated that he was granted visitation by previous Orders of Kenton Family Court in Case No. 16-J-00432 but that he had not been permitted parenting time. Mother disputed this contention in her response.

On May 30, 2023, Mother filed a motion for a hearing to establish a custody order and a parenting scheduling. Mother stated that since the filing of Father's motion for joint custody, she had "offered [Father] an agreement" -- but that she had not received a response. By Order entered on June 7, 2023, the family court appointed a Guardian *Ad Litem* (GAL) for the child and set a hearing for August 22, 2023.

On August 29, 2023, the family court entered a Temporary Order, which reflects that the matter was heard on August 22, 2023, that both parents were present and represented by respective counsel, that the GAL was present representing the minor child, that testimony was taken; and that:

1. The parties agree that they shall share joint custody of the minor child, B.S. with Mother retaining sole medical decision making as to the minor child.

2.  The parties agree that Father shall have parenting time every other Friday beginning after school, through Monday ending at school drop off . . . .

3.  Paternal Grandmother, Barbara Edwards, shall transport the minor child during Father's parenting time due to Father not having a drivers license.

    . . .

6.  It is Mother's decision whether the minor child sees Nikki Saylor. There shall be no contact between the minor child and Nikki Saylor unless Mother approves such contact.

The handwritten docket sheet from the August 22, 2023 hearing reflects the following:

Testimony taken
--No contact with Nicki Saylor unless agreed by ~~Parties~~ child's mother Portia Saylor.
Ct finds mother's are [sic] presumed to make decisions in the best interest of the child and the paternal grma did not respect it._____
                    Agreement read into record
temp joint
mom sole medical decision
dad to comply with doctor's orders and medication compliance
parenting time every other wkend
Father pick-up Fri and drop-off Mon. at school.
Paternal grma to transport
Kenton County
--Holiday Schedule
Receiving parent transports when school is not in session.
--Final Custody Hearing Nov 14 2023 at 1:00

On November 14, 2023, the family court convened the final custody hearing. The parties, their respective counsel, and the GAL were present. The court asked if the parties had an agreement. Mother's counsel responded, "we think we do." Father's counsel proceeded to read the terms of the proposed agreement -- essentially the same as the temporary custody Order -- but with Father having the child every other Thursday through Monday.

Mother's counsel then explained that the only point of contention was that Father was still requesting contact with the child by Nikki Saylor. Mother was *not* in agreement with joint custody -- *unless* an order would reflect that contact with Nikki Saylor should remain a matter of Mother's discretion and decision-making capacity. Mother's counsel advised that they were prepared to go forward with a full hearing.

A lengthy discussion ensued. The court was aware that there had been testimony on this issue previously, but it could not recall the specifics. The court asked the GAL if she had an opinion on the child's behalf. The GAL explained that she had talked to the child about contact with Nikki Saylor; however, the child did not want the GAL to share his wishes and did not want to testify. The GAL reported that at the last hearing, the court had heard testimony from Nikki Saylor, the parties, and the paternal grandmother. At that time, the court had deferred to Mother's discretion as to whether the child could have

-4-

contact with Nikki Saylor. Mother's counsel explained that Father and paternal grandmother had testified that they knew Mother was not in favor of allowing contact with the child by Nikki Saylor.

The family court stated that a matter such as this would normally be an issue involving joint custody.[1] The court reviewed its notes from the prior hearing and advised that it was a "little unclear" about what the parties wanted it to do -- that if there was not an agreement, it would need to take some testimony. Father's counsel advised that Nikki Saylor was requesting contact with the child and that they had had a close relationship. Father's counsel understood that the court had previously made a ruling and that that there had already been testimony on the matter. Therefore, Father did not believe that a hearing was now necessary.

Mother's counsel clarified that the maternal grandmother formerly had been in a serious romantic relationship Nikki Saylor, that they were never married, and that they had not been in a relationship for a long time. The court

---

[1] Actually, it appears that the temporary and final custody agreements in the case before us fall into the subcategory of "shared custody." Both provide that the parties "share joint custody . . . with Mother retaining sole medical decision making . . . ." As explained in *Pennington v. Marcum*, 266 S.W.3d 759, 764 (Ky. 2008):

> Though it is often stated that there are two categories of custody,
> sole custody and joint custody, there is in practice a subset of joint
> custody that combines the concept of joint custody with some of
> the patterns of sole custody -- often called "shared custody." In
> shared custody, both parents have legal custody that is subject to
> some limitations delineated by agreement or court order.

also found that there was no standing and no blood relationship. Therefore, the court specifically found that Nikki Saylor is a stranger in the eyes of the law. The court indicated that it did not think that it would change its prior ruling and that it would likely rule the same way once again. Nevertheless, Father chose not to submit any additional proof. Mother's counsel volunteered to prepare an order at the court's request.

On November 20, 2024, the family court entered the final custody Order as follows in relevant part:

1. The parties agree that they shall share joint custody of the minor child, B.S., with Mother retaining sole medical decision making regarding the minor child.

. . .

6. It is Mother's decision whether the minor child sees or communicates with Nikki Saylor. There shall be no contact between the minor child and Nikki Saylor unless Mother approves such contact.

On November 28, 2024, Father filed a motion to reconsider the November 20, 2024, Order --"specifically Paragraph 6" as recited immediately above. As his basis, Father contended that he is "more than capable" of supervising contact between the child and Nikki Saylor. He attached several letters bolstering Ms. Saylor's character in support of his motion.

Mother filed a response objecting. Mother argued that Father cited no rule and that if he intended his motion to be filed pursuant to CR[2] 59.05, the motion cited no ground upon which to grant relief. Mother explained that the letters submitted with the motion were not newly discovered evidence and that they should not be considered, citing *Gullion v. Gullion*, 163 S.W.3d 888, 893 (Ky. 2005) ("A party cannot invoke CR 59.05 to raise arguments and to introduce evidence that should have been presented during the proceedings before the entry of the judgment.").

The family court denied the motion orally at the December 19, 2023, motion hour. On December 20, 2023, the court entered a written Order denying Father's motion to alter, amend, or vacate.

On January 18, 2024, Father filed a notice of appeal to this Court and a designation of record. Father designated the "full and complete paper file" and the video-taped proceedings of the hearings held on November 14, 2023, and on December 19, 2023.

In his Prehearing Statement filed February 5, 2024, Father identified the "issues proposed to be raised on appeal" as follows:

> KRS[3] 403.270 was revised to allow parents equal
> footing in Kentucky Courts. The parties herein were

---

[2] Kentucky Rules of Civil Procedure.

[3] Kentucky Revised Statutes.

granted joint custody in which both parents have equal rights and responsibilities in making decisions regarding the minor child's upbringing.

However, the issues addressed in Father's Appellant's **brief** do not conform to the prehearing statement. In his brief, he stated as follows:

I. THE TRIAL COURT ERRED BY NOT MAKING WRITTEN FINDINGS OF FACT TO SUPPORT ITS ORDER TO RESTRICT JOINT CUSTODIAN FATHER'S DECISION MAKING AS TO THE CHILD BEING AROUND THE CHILD'S NANA DURING FATHER'S PARENTING TIME.

II. THE TRIAL COURT ERRED BY NOT APPLYING THE BEST INTEREST ANALYSIS AS TO WHETHER THE CHILD'S TIME WITH "NANA" SHOULD BE DECIDED BY THE JOINT CUSTODIAN MOTHER.

(Uppercase original.) RAP[4] 22(C)(2)[5] provides in mandatory language that "[a] party shall be limited on appeal to issues identified in the prehearing statement, except that upon a timely motion demonstrating good cause, the Court of Appeals may permit additional issues to be raised." The issues that Father raises in his brief are not properly before us because they are not identified in his generalized prehearing statement, and he has not filed a motion demonstrating good cause to permit additional issues to be raised.

---

[4] Kentucky Rules of Appellate Procedure.

[5] Formerly CR 76.03(8).

However, even if Father's prehearing statement had properly identified the issues raised in his brief, he would not prevail.  Under the facts of this case, we are satisfied that the family court made sufficient findings in its August 22, 2023, docket sheet to support its determination regarding the issue of contact with Nikki Saylor -- which was apparently the sole issue then before the family court.[6]  Father did not designate the videotape of the August 22, 2023, temporary custody hearing for inclusion in the record on appeal as required by RAP 24(A)(3) and (B)(1)(a).[7]  Therefore, we must presume that the omitted record supports the family court's findings.  "It is the responsibility of the appellant to ensure that this Court receives the complete record.  We must presume that the missing parts of the record support the findings of the trial court." *Brannock v. Brannock*, 598 S.W.3d 91, 95 (Ky. App. 2019) (citations omitted).

Accordingly, we affirm the order of the Kenton Family Court.

ALL CONCUR.

---

[6] Both the Temporary Order and the corresponding docket sheet reflect that the parties had submitted an agreement on temporary custody. KRS 403.280 governs temporary custody orders. Subsection (4) provides that "[e]ach temporary custody order shall include specific findings of fact and conclusions of law, except when the court confirms the agreement of the parties."

[7] Although Father designated the videotape of the November 14, 2023 final custody hearing for inclusion in the record, no testimony was taken at that hearing.

BRIEF FOR APPELLANT:

Brandy K. Lawrence Barrett
Warsaw, Kentucky

BRIEF FOR APPELLEE:

Portia Saylor, *pro se*
Lakeside Park, Kentucky