RENDERED: MAY 22, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-1162-MR

ADNAN ALJAWHAR                                          APPELLANT

v.            APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE ANNIE O'CONNELL, JUDGE
ACTION NO. 25-CI-000050

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY                                             APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; COMBS AND A. JONES, JUDGES.

THOMPSON, CHIEF JUDGE: Adnan Aljawhar appeals from an order which granted State Farm Mutual Automobile Insurance Company's motion to vacate and dismissed Appellant's cause of action as untimely. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

Appellant was the passenger in a vehicle driven by Helen Farhood when it was involved in an accident on December 23, 2022. State Farm was the basic reparations benefits ("PIP") insurer. State Farm's records show a PIP check being created on December 30, 2022, for both Appellant and Ms. Farhood. In early January 2023, the check was received by Appellant deposited in his bank account. Appellant filed the underlying action against State Farm for Uninsured Motorist Coverage on January 3, 2025. On January 28, 2025, State Farm filed a motion to dismiss based on the allegation that Appellant's complaint was filed more than two years from the date of the last PIP payment. Appellant filed a response to the motion to dismiss on February 17, 2025. State Farm then filed a reply on February 18, 2025, which included a copy of Appellant's PIP payment log showing when the check was generated and the State Farm Insurance Policy at issue.

On March 11, 2025, the circuit court entered an order denying the motion. The court believed there were still outstanding issues of fact that needed to be determined. Based on the evidence in the record at the time, the court was unsure of when Appellant received his PIP payment as contemplated by the statute of limitations found in Kentucky Revised Statutes (KRS) 304.39-230(1) and when Ms. Farhood received her payment. These questions went directly toward the

statute of limitations issue in the case and the court believed the issue was unresolved.

State Farm then filed a Kentucky Rule of Civil Procedure (CR) 59.05 motion to vacate the order. The motion argued that the court erred and that the case should have been dismissed. Attached to the motion were copies of Ms. Farhood's and Appellant's PIP payment logs. Those logs showed that PIP checks were issued to both Appellant and Ms. Farhood on December 30, 2022. State Farm also cited the case of *Beaumont v. Zeru*, 460 S.W.3d 904 (Ky. 2015), for the proposition that the statute of limitations found in KRS 304.39-230(1) began to run on the date the PIP check was issued, not the day it was received by the injured party.

On August 15, 2025, the trial court entered an order granting the motion to vacate and ordered that the case be dismissed as untimely. The court held the following:

> Based upon [CR 6.01], December 31, 2022, would be the start of the period of the statute of limitations in this action. That would mean that under the [two-year] statute of limitations, Plaintiff should have filed his Complaint by December 31, 2024. Since the last day of the period, December 31, 2024, and the following day, January 1, 2025, are legal holidays for the courts of Kentucky, January 2, 2025, was the deadline for filing. Unfortunately, this action was filed on January 3, 2025.

The court then dismissed the action because it was filed one day too late. This appeal followed.

## ANALYSIS

On appeal, Appellant argues that the trial court erred in granting State Farm's motion to vacate. Let us be clear, Appellant has not appealed the court's conclusion that the cause of action was filed outside the applicable statute of limitations, only that the court was without authority to vacate its earlier order denying the motion to dismiss. Appellant's argument revolves around CR 59.05 and the reasons a court can grant such a motion. CR 59.05 states that "[a] motion to alter or amend a judgment, or to vacate a judgment and enter a new one, shall be served not later than 10 days after entry of the final judgment." Appellant claims that "[a] party cannot invoke CR 59.05 to raise arguments and to introduce evidence that should have been presented during the proceedings before the entry of the judgment." *Gullion v. Gullion*, 163 S.W.3d 888, 893 (Ky. 2005) (footnote and citation omitted). Appellant argues that the PIP payment logs and the argument stemming from *Beaumont* were available to State Farm when it filed its motion to dismiss; therefore, the new evidence and arguments filed with the motion to vacate were impermissible and the court should not have relied upon them.

-4-

We disagree with Appellant because the order being vacated was not a final judgment. Appellant is correct that State Farm stated its motion to vacate was brought pursuant to CR 59.05, but CR 59.05 applies to final judgments. The order denying State Farm's motion to dismiss was not a final order or final judgment, it was interlocutory; therefore, CR 59.05 does not apply. As State Farm points out in its brief, CR 54.02 is the actual applicable rule. CR 54.02 states in relevant part:

> (1) When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may grant a final judgment upon one or more but less than all of the claims or parties only upon a determination that there is no just reason for delay. The judgment shall recite such determination and shall recite that the judgment is final. In the absence of such recital, any order or other form of decision, however designated, which adjudicates less than all the claims or the rights and liabilities of less than all the parties shall not terminate the action as to any of the claims or parties, and *the order or other form of decision is interlocutory and subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.*

(Emphasis added.)

Here, the court's order denying State Farm's motion to dismiss did not finally adjudicate the claims in the case and was not otherwise designated a final and appealable judgment. This means that the court could revise or vacate the order at any time. The new evidence and arguments presented by State Farm were

-5-

applicable to the statute of limitations issue and properly taken into consideration by the trial court.

## **<u>CONCLUSION</u>**

Based on the foregoing, we affirm the trial court's judgment.

ALL CONCUR.

BRIEF FOR APPELLANT:

Gaelen Schumann
Louisville, Kentucky

BRIEF FOR APPELLEE:

Dr. Kenneth J. Henry
Louisville, Kentucky